Carlton W. Faulk v. Commissioner.
Carlton W. Faulk v. Commissioner
Docket No. 20000.
United States Tax Court
1953 Tax Ct. Memo LEXIS 405; 12 T.C.M. (CCH) 20; T.C.M. (RIA) 53014; January 14, 1953
*405 During the taxable year, petitioner received about $67,650 from black-market dealings, which he failed to include in his income tax return for such year. Held, the return was false and fraudulent, with intent to evade tax, so that the 50 per cent penalty on the deficiency was correctly applied. No appearance for the petitioner. Newman A. Townsend, Jr., Esq., and Leigh A. Crockett, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income and victory tax for the year 1943 in the amount of $139,959.41, and a fraud penalty in the amount of $69,979.71. The year 1942 is also involved due to the Current Tax Payment Act of 1943. Petitioner did not appear, either personally or by representation, and the Court granted respondent's motion to dismiss the petition, insofar as it pertained to the income tax deficiency, for failure to prosecute. The sole issue remaining is whether the 50 per cent fraud penalty determined by the respondent should be sustained. Findings of Fact During the taxable year in question, petitioner was a married individual, residing in Jacksonville, Florida. He filed a separate *406 income tax return for such year with the collector of internal revenue for the district of Florida, showing a net income in the amount of $84,436.74. In 1943, petitioner was a partner in King Distributing Company, a wholesale liquor dealer. During that year, petitioner appeared as a government witness in a case involving ceiling-price violations of some whiskey distillers, testifying that the partnership had paid them approximately $450,000 over ceiling prices in existence at such time, which amount was passed on to retailers when the partnership later resold the liquor. Petitioner was advised by the Bureau of Internal Revenue that both his individual tax return and the tax return of the partnership would be thoroughly checked by the Intelligence Unit; and that if their books did not reflect the over-ceiling prices, he should make sure that such amounts were properly reported in his individual income tax return and in the partnership return. An extension of time for filing these returns was granted. The partnership's books were adjusted to reflect approximately $450,000. Both purchases and sales were increased by about that amount. In September 1944, petitioner called at the *407 office of Arthur J. Gutman, at the time an enforcement attorney for the Office of Price Administration, to discuss his liability for violating ceiling prices. Petitioner stated to Gutman that the approximate $450,000 figure was correct and that he had collected an extra 15 per cent of that $450,000 which he kept for himself, personally, and was not turned over to the partnership, stating that it was approximately $67,650. The Office of Price Administration's claim for treble damages against petitioner was settled for $20,000. No part of the $67,650 was reflected in petitioner's individual income tax return filed for the year 1943. On May 27, 1948, a notice of deficiency was mailed to petitioner by respondent determining a deficiency and penalty for the taxable year 1943. Petitioner filed a petition with this Court on August 19, 1948. On March 26, 1949, petitioner died; and, on March 31, 1949, an administratrix of petitioner's estate was appointed. No appearance was made on behalf of petitioner or his estate in this case, and his administratrix has not been made a party to this proceeding. Part of the deficiency determined by the respondent for the year 1943 was due to fraud on *408 the part of the petitioner, with intent to evade taxes. Opinion RICE, Judge: Petitioner died subsequent to the filing of the petition in this case, and prior to the hearing. Jurisdiction of this Court attached with the filing of the petition, and the fact that there has been no substitution of the decedent's personal representative does not divest this Court of jurisdiction. . The sole issue is whether the omission from the income tax return for 1943 of the money petitioner received from black-marketing was made with a fraudulent intent to evade tax. Where a large amount of income is not reported, failure to do so, if not actually constituting fraud, is at least substantial evidence tending to establish fraud. . The burden of proving fraud rests upon the respondent. In this case, respondent has adequately borne that burden. Petitioner had been warned that his return would be subject to careful investigation by the Intelligence Unit. In 1944, he admitted to an official of the Office of Price Administration that, during 1943, he had personally received about $67,650 as a result of *409 black-market dealings in liquor. A failure to report such amount in his income tax return for 1943 could hardly have been due to gross neglect, but must have been motivated by a fraudulent intent to evade tax. Cf. (C.A. 3, 1952), cert. den. (Dec. 8, 1952). Since at least part of the deficiency determined by respondent for the year 1943 was occasioned by a fraudulent intent to evade tax, the 50 per cent penalty is sustained. Decision will be entered for the respondent.